UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                           CRIMINAL ACTION

VERSUS                                             NO. 09-166

TODD DAGGS                                         SECTION "N"

**ORDER AND REASONS**

Presently before the Court is a motion to vacate  filed by Defendant pursuant to 28

U.S.C. §2255.  See Rec. Docs. 360.  Having carefully considered the parties' submissions,[1]

applicable law, and the record, particularly including pre-trial rulings, the trial transcript, and the

court of appeals' opinion relative to Defendant's direct appeal,[2] **IT IS ORDERED** that Defendant's

§2255 motion is **DENIED** for essentially the reasons set forth in the Government's comprehensive

opposition memorandum (Rec. Doc. 370).[3]  As argued by the Government, Defendant's contentions

---

[1]    The Court notes with emphasis Defendant's reply memoranda, which includes a
thorough discussion of certain principles of applicable law, as well as the documents relative to plea
negotiations that are attached to the Government's memorandum.  See Rec. Docs. 373, 370-1, and
370-2.

[2]    See *United States v. Daggs*, No. 10-31184, consolidated with *United States v. Bolton*,
No. 11-30010 (5th Cir. 11/7/11), Rec. Doc. 358.

[3]    A petitioner's motion under 28 U.S.C. § 2255 will be dismissed without an
evidentiary hearing if it can be concluded on the record as a matter of law that petitioner cannot
establish one or both of the elements necessary to establish his constitutional claim.  *United States
v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995)(citing *United States v. Acklen*, 47 F.3d 739, 743-44 (5th
Cir. 1995)).  Discovery under § 2255 is limited, and the petitioner has not satisfied the "good cause"

are either foreclosed by the appellate court's opinion or otherwise without merit considering the

record and applicable law.

New Orleans, Louisiana, this 26th day of January 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

test of Rule 6 of the Rules Governing § 2255 Proceedings.  See, e.g., *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) (conclusory allegations are not enough to warrant discovery; "the petitioner must set forth specific allegations of fact;  Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions") (citation and internal quotation marks omitted); *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000) (permitting discovery or evidentiary hearing on "conclusory and speculative claim" would be "tantamount to a fishing expedition").