```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                    CRIMINAL ACTION

v.                                          NO. 09-166

TODD DAGGS                                  SECTION "F"

## ORDER AND REASONS

Before the Court is Todd Daggs's *pro se* motion for a sentence reduction under the First Step Act. For the reasons that follow, the motion is DENIED.

**Background**

After a trial by jury, Todd Daggs was convicted of multiple offenses: drug trafficking conspiracy (Count 1); two separate possessions of firearms in furtherance of a drug trafficking crime (Counts 3 and 5); two separate possessions of small quantities of drugs with the intent to distribute (Counts 4 and 6); and being a felon in possession of a firearm (Count 2). Given Daggs's two prior convictions for felony drug offenses, on December 1, 2010, then-District Judge Engelhardt sentenced Daggs to mandatory life in prison for Count 1; 120 months for Count 2; 188 months for Counts 4 and 6; 60 months for Count 3; and a mandatory 300 months for Count 5. The sentences for Counts 1, 2, 4, and 6 are concurrent while the sentences imposed for Counts 3 and 5 are consecutive. Daggs appealed, but the Fifth Circuit affirmed the Court's

1

judgment.  Daggs petitioned for habeas relief, but the motion was denied.  As was his motion seeking relief from judgment.  Daggs now seeks relief under the First Step Act.[1]

## I.

### A.

The Court broadly construes Daggs's motion as one seeking a sentence reduction under both Sections 401 and 403 of the First Step Act.  But neither provision applies retroactively to afford Daggs relief.

The First Step Act effectuated criminal justice reforms and was signed into law on December 21, 2018. Daggs invokes two provisions of the Act which he submits should apply to decrease his sentence on certain offenses.  No matter *if* the amended provisions would reduce his sentence on certain offenses, the government counters, Daggs is ineligible for relief because

---

[1] Daggs initially wrote to this Court inquiring about his eligibility for relief under the First Step Act and the issue of Daggs's eligibility for relief was referred to the Court's First Step Act Committee for investigation and recommendation. The Committee reviewed Daggs's letter and determined that he was not eligible for a reduction of sentence under Section 404 of the First Step Act (and that any request for relief under other Sections of the Act exceeded the scope of the Committee's review, which is limited to considering motions seeking relief under Section 404 of the First Step Act).  Thereafter, the Court ordered briefing from the government concerning its position regarding whether Daggs was eligible for relief under Section 403 of the First Step Act.

neither provision invoked applies retroactively. The Court agrees.

Section 401 of the Act amended the recidivist penalties of 21 U.S.C. § 841(b)(1)(A) by now requiring the predicate offenses triggering a sentence enhancement to be either serious drug felonies or serious violent felonies (as opposed to a felony drug offenses). See United States v. Gomez, 960 F.3d 173, 176 (5th Cir. 2020)(citation omitted). Section 401 also reduced the mandatory life imprisonment sentence to a mandatory minimum of 25 years in prison. See 21 U.S.C. § 841(b)(1)(A).

Section 403 of the Act amended 18 U.S.C. § 924(c)(1)(C)(i), which governs the mandatory minimum sentence for certain repeat firearm offenses to reduce the severity of "stacked" charges: under Section 403, contemporaneous § 924(c) convictions no longer trigger a 25-year mandatory minimum sentence. Gomez, 960 F.3d at 176. Instead, after the revision, the 25-year mandatory minimum sentence for repeat firearm offenses is triggered only when a repeat conviction occurs after a prior conviction is final. Id.

B.

With respect to Section 401, the government does not dispute that: Daggs's life sentence was imposed due to his recidivist drug history (see 21 U.S.C. § 841(b)(1)(A)(2010); § 851); that Section 401 of the First Step Act amended the recidivist provision of § 841(b)(1)(A); and that Daggs's predicate offense of simple

3

possession of cocaine does not qualify as a serious drug felony.[2] In other words, the government does not dispute that -- if Daggs had been sentenced after the First Step Act was enacted -- he would not face a mandatory life sentence.

With respect to Section 403, the government does not dispute that: Daggs's contemporaneous convictions for § 924(c)(1) offenses (charged in the same superseding indictment) resulted in an additional 25 years in prison for the second possession of a firearm in furtherance of a drug trafficking crime of conviction (see 18 U.S.C. § 924(c)(1)(C)(i)); and that Section 403 amended § 924(c)(1)(C)(i) to trigger a 25-year mandatory minimum sentence for a second § 924(c)(1) offense only if the second offense is not part of the same prosecution (only if the defendant was convicted of a § 924(c)(1) offense in a prior separate prosecution).  In other words -- if Daggs had been sentenced after the First Step Act was enacted -- a stacked 25-year mandatory minimum imposed for the second § 924(c)(1) offense could not have been imposed.  But Daggs was sentenced well before the First Step Act's enactment and Congress forbids him from availing himself of the forward-looking reforms codified in Sections 401 and 403.

---

[2] A "serious drug felony," the government submits, "is much narrower" than a "felony drug offense."  Compare 21 U.S.C. § 802(57) with 21 U.S.C. § 802(44).

4

C.

Sections 401 and 403 apply only prospectively; the text of each provision plainly states that they do not apply retroactively. See First Step Act § 401(c)(applies "to any offense that was committed before the date of enactment of [the First Step] Act, if a sentence for the offense has not been imposed as of such date of enactment."); First Step Act § 403(b)(same). The Fifth Circuit has confirmed that the plain text of the Act controls as written: neither Section 401 nor Section 403 apply retroactively. See United States v. Staggers, 961 F.3d 745, 754-55 (5th Cir. 2020)(defendants sentenced to mandatory minimum life imprisonment before First Step Act's enactment did not benefit from Section 401); Gomez, 960 F.3d at 177 (Section 403 does not apply retroactively to defendants whose cases were pending on direct appeal on the Act's effective date); see also United States v. Foster, No. 16-192, 2020 WL 6196016 (E.D. La. Oct. 22, 2020); United States v. Burkhalter, Ca. No. 07-408, 2020 WL 527948, at *2 (E.D. La. Feb. 3, 2020).

Here, Daggs was sentenced on December 1, 2010, more than 8 years before the First Step Act was enacted. Because neither Section 401 nor 403 apply retroactively to offenses committed before December 21, 2018, the Act does not apply to reduce the sentence imposed on Daggs for offenses committed more than 10 years ago.

Accordingly, IT IS ORDERED: that Daggs's *pro se* motion for a sentence reduction is DENIED.

New Orleans, Louisiana, November 9, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE