UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 09-166 |
| TODD DAGGS | SECTION: "B" |

## ORDER AND REASONS

Before the Court are defendant Todd Daggs's motion for reconsideration based on recent order that was denied motion under Amendment 782 (Rec. Doc. 502), the government's opposition (Rec. Doc. 514), and defendant's reply (Rec. Doc. 516). For the following reasons,

**IT IS ORDERED** that defendant's motion for reconsideration is **DISMISSED WITH PREJUDICE**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 26, 2010, defendant Todd Daggs was found guilty of conspiracy to violate the Federal Controlled Substances Act (Count 1), possession of a firearm by a convicted felon (Count 2), two counts of possession of a firearm in furtherance of drug trafficking offense (Counts 3, 5), and two counts of possession with intent to distribute in violation of Federal Controlled Substances Act (Counts 4, 6). Rec. Doc. 274 at 12–15. After an initial sentencing of mandatory life imprisonment for the conspiracy conviction and a 30-year consecutive sentence for the firearm in furtherance of a drug trafficking offenses, this Court granted Daggs's motion for a sentence reduction. *See* Rec. Doc. 468. Taking into account the current treatment of the mandatory minimum sentences for Counts 1, 3, and 5—the latter two running consecutively to each other and any other sentence—and the original sentence for the other counts, we reasoned, "If the court gave a guidelines sentence, Daggs's total prison sentence would have been between 308 months and 355 months." *Id.* at 20. After granting Daggs's motion, the Court sentenced him to 310 months:

1

> 190 months as to Count 1; 120 months as to Count 2; 188 months as to Counts 4 and 6, with the foregoing sentences to be served concurrently as originally imposed. In addition, 60 months as to Count 3, to be served consecutively as to the terms imposed as to Counts 1, 2, 4, and 6, and 60 months as to Count 5, to be served consecutively as to the terms imposed as to Counts 1, 2, 3, 4 and 6.

Rec. Doc. 472 at 2. Subsequently, Daggs moved for a further sentence reduction. *See* Rec. Doc. 477. No longer under a mandatory life imprisonment sentence, Daggs argued that he is now eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See id.* at 1. Noting the continued applicability of Count 1's term of 190 months, this Court refused to amend Daggs's sentence further. Rec. Doc. 493 at 9. Daggs now requests reconsideration of that Order and Reasons. Rec. Doc. 502.

## II.  LAW AND ANALYSIS
### A.  Standard of Review

Although motions for reconsideration "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." *United States v. Cotto*, No. 16-36, 2020 WL 3832809, at *1 (E.D. La. July 8, 2020) (quoting *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991)). While recognizing a criminal defendant's recourse to a motion for reconsideration, the Fifth Circuit has construed filing deadlines in two different manners. Recently, the appellate court noted "[c]ourts typically construe a motion to reconsider a denial of compassionate release as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." *United States v. Garrett*, 15 F.4th 335, 339 (5th Cir. 2021) (first citing *United States v. Batiste*, No. 06-145, 2021 WL 2338217, at *1–2 (E.D. La. June 8, 2021); then citing *United States v. Munoz*, No. 2:17-330, 2020 WL 4226544, at *1 (W.D. La. July, 23, 2020); then citing *United States v. Silva*, No. 2:06-20089, 2020 WL 3440103, at *1 (W.D. La. June 22, 2020)). Under Rule 59(e), a defendant would have twenty-eight (28) days after a judgment to file a motion for reconsideration. *See* Fed. R. Civ. P. 59(e).

However, the application in *Garrett* is questionable based on broader Fifth Circuit precedent. More consistently, the appellate court has held motions for reconsideration in criminal cases "are timely if filed within the time prescribed for noticing an appeal under Federal Rule of Appellate Procedure 4(b)." *United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995); *see also Lewis*, 921 F.2d at 564–65; *United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982) (citing *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257 (1978) ("It is well established that in criminal proceedings, petitions for rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal.")). More recent reviews of compassionate release reconsiderations follow the application of the appeal-timing deadline, including an unpublished opinion decided after *Garrett*. *See, e.g., United States v. McFadden*, No. 20-40801, 2022 WL 715489, at *1 (5th Cir. Mar. 9, 2022) (citing *Miramontez*, 995 F.2d at 58 n.2) ("McFadden timely moved for reconsideration within the fourteen-day period to notice an appeal."); *United States v. Alexander*, 710 F. App'x 192, 192–93 (5th Cir. 2018); *United States v. Rene*, 738 F. App'x 279, 280 (5th Cir. 2018); *United States v. Collins*, 712 F. App'x 392, 394 (5th Cir. 2017); *United States v. Ceja*, 694 F. App'x 361 (5th Cir. 2017). Under Rule 4(b), a defendant must file a motion for reconsideration within fourteen (14) days of the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). However, if a defendant shows "excusable neglect or good cause," he can receive an extension "not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

### B. Reconsideration Analysis

No matter the timing mechanism, defendant's motion for reconsideration is tardy. Defendant requests reconsideration of our Order and Reasons entered December 21, 2023. Rec. Doc. 493. Defendant's instant motion contains a certificate of service dated February 16, 2024.

Rec. Doc. 502-1 at 1. As defendant is an inmate, the mailbox rule applies from that date, when his notice was "deposited in the institution's internal mail system" and "accompanied by a declaration in compliance with 28 U.S.C. § 1746." Fed. R. App. P. 4(c). Nonetheless, this earliest possible dating still puts defendant's motion fifty-six (56) days after the entry of the judgment he wishes reconsidered. This is longer than the Federal Rules of Appellate Procedure's deadline (fourteen days), the Federal Rules of Civil Procedure's deadline (twenty-eight days), and even the extended time frame possible under the Federal Rules of Appellate procedure (forty-four days). *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(b)(1)(A)(i), (b)(4).

Taking the Fifth Circuit's more traditional practice, the filing deadline in Federal Rule of Appellate Procedure 4(b) is "mandatory, but it is not jurisdictional." *United States v. Hernandez-Gomez*, 795 F.3d 510, 511 (5th Cir. 2015) (citation omitted). "Thus, the requirements of Rule 4(b)(1)(A) may be waived." *Id.* Here, the government provides no such waiver. *See* Rec. Doc. 514 at 2–3. As such, defendant's motion for reconsideration is untimely from a Rule 4(b) consideration.

On the other hand, motions late under Federal Rule of Civil Procedure 59(e) may be treated under Rule 60(b), "if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." *Frew v. Young*, 992 F.3d 391, 396 (5th Cir. 2021) (internal quotations omitted). Rule 60(b) includes six grounds on which relief from a final judgment may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, the Fifth Circuit acknowledges a basis for Rule 60(b) relief as "to rectify an obvious error of law." *See Caldwell v. Parker Univ.*, 802 F. App'x 841, 842 (5th Cir. 2020).

No Rule 60(b) ground is present here. Daggs continues his claim that Amendment 782 of the United States Sentencing Guidelines serves to reduce his overall sentencing exposure. Rec. Doc. 502 at 1, 4. This argument is identical to the one considered and rejected in the most recent Order and Reasons. Rec. Doc. 493. As such, there is neither merit to Daggs's reconsideration argument nor further authority in support thereof.

New Orleans, Louisiana, this 3rd day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE