UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 09-166** |
| **TODD DAGGS** | **SECTION "B"** |

## ORDER AND REASONS

Before the Court are defendant Todd Daggs's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Rec. Doc. 491), the government's opposition (Rec. Doc. 527), defendant's reply (Rec. Doc. 535), and defendant's supplemental filing from December 13, 2024 (Rec. Doc. 546). For the following reasons,

**IT IS ORDERED** that defendant's motion for reduction of sentence be **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the conclusion of his jury trial on August 26, 2010, defendant Todd Daggs was found guilty of conspiracy to violate the Federal Controlled Substances Act (Count 1), possession of a firearm by a convicted felon (Count 2), two counts of possession of a firearm in furtherance of drug trafficking offense (Counts 3, 5), and two counts of possession with intent to distribute in violation of Federal Controlled Substances Act (Counts 4, 6). Rec. Doc. 274 at 12–15. Daggs's offense level and criminal history resulted in a guidelines range of 188–235 months. *See* Rec. Doc. 338 at 32 (PSR). However, at the time of sentencing, the conspiracy conviction carried a mandatory term of life imprisonment, and the two counts of possession of a firearm in furtherance of a drug trafficking crime required a minimum 30-year consecutive sentence. *See id.* In addition to the mandatory life imprisonment plus thirty years, then-presiding Judge Engelhardt sentenced defendant to a concurrent 120 months as to Count 2 and 188 months as to Counts 4 and 6. *See* Rec. Doc. 305 at 2.

1

After two unsuccessful motions for sentence reduction, *see* Rec. Docs. 402 and 422, Daggs was moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), *see* Rec. Doc. 447. Although acknowledging that the reforms through the First Step Act did not apply retroactively to his case, Daggs suggested "the massive sentencing disparities caused by recent legislation warrant a reduction in sentence." Rec. Doc. 447 at 2. Specifically, changes in controlled substances base levels would result in a mandatory minimum sentence of 10 years for Count 1, as opposed to life imprisonment, and changes in the "stacking enhancement" for Counts 3 and 5 would result in mandatory minimum consecutive sentences of 5 years each, as opposed to 30 years total. *Id.* at 12–14. Daggs contended that the disparity in the 2010 and 2020 sentencing provisions provided "extraordinary and compelling" reasons for the Court to exercise its discretion to mandate a sentence reduction. *Id.* at 14.

In our Order, the Court did just that. After finding sufficient administrative exhaustion, the Court determined that the sentencing disparities constituted extraordinary and compelling reasons pursuant to 18 U.S.C. § 3582(c)(1)(A) and that the 18 U.S.C. § 3553(a) factors, including his post-sentencing conduct, favored a reduced sentence. *See* Rec. Doc. 468. Taking into account the current treatment of the mandatory minimum sentences for Counts 1, 3, and 5—the latter two running consecutively to each other and any other sentence—and the original sentence for the other counts, we reasoned, "If the court gave a guidelines sentence, Daggs's total prison sentence would have been between 308 months and 355 months." *Id.* at 20. After granting Daggs's motion, the Court sentenced him to 310 months:

> 190 months as to Count 1; 120 months as to Count 2; 188 months as to Counts 4 and 6, with the foregoing sentences to be served concurrently as originally imposed. In addition, 60 months as to Count 3, to be served consecutively as to the terms imposed as to Counts 1, 2, 4, and 6, and 60 months as to Count 5, to be served consecutively as to the terms imposed as to Counts 1, 2, 3, 4 and 6.

Rec. Doc. 472 at 2. As at the original sentencing, a 10 year-term of supervised release was imposed. *Compare id.* at 3 *with* Rec. Doc. 305 at 3. From this sentence, Daggs now seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2).

**LAW AND ANALYSIS**

Daggs seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which provides that a court may reduce the sentence upon a defendant's motion when the sentencing range for an offense has been lowered by the Sentencing Commission, and the reduction is consistent with the provisions of 18 U.S.C. § 3553(a). Daggs and the government agree that Amendment 782 lowered the base offense levels of most drug-related crimes. *See* Rec. Doc. 477 at 4 (motion for sentence reduction); Rec. Doc. 483 at 2 (government opposition). Indeed, Amendment 782 is listed by the United States Sentencing Guidelines ("Guidelines") as an amendment with retroactive applicability. U.S.S.G. 1B1.10(b)(1), (d). Daggs's amended sentence of 310 months was based, in part, on the revision of 21 U.S.C. § 841(b)(1)(A), which no longer mandated a sentence of life imprisonment for Daggs's conviction, and instead provided a range of ten years to life. *See* Rec. Doc. 468 at 19. After finding all the elements for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the Court sentenced Daggs to 190 months as to Count 1. *See* Rec. Doc. 472 at 2. The sentence of 188 months as to Counts 4 and 6 remained consistent in the amended judgment. *Compare id. with* Rec. Doc. 305 at 2. For the latter charges, the 2010 Guidelines supplied a range of 188–235 months. *See* Rec. Doc. 468 at 19. In rendering the amended judgment in light of the statutory changes as to Count 1, the Court found a Guidelines sentence appropriate because "[t]he applicable sentencing guidelines were well above ten years imprisonment." *Id*. Amendment 782 lowers Daggs's base offense level to 32, providing a range of 151–188 months for Counts 4 and 6. *See* U.S.S.G. 2021 Supplement to Appendix C, Am. 782 (Nov. 1, 2021); U.S.S.G. § 2D1.1(c)(4).

3

Where the parties disagree is the applicability of 18 U.S.C. § 3582(c)(2) at all. The provision states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). As the statutory language indicates, policy statements in the Guidelines govern the § 3582(c)(2) inquiry. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). And the Guidelines are even more specific, describing the eligible petitioner as one who "is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment." U.S.S.G. 1B1.10(a)(1). The Guidelines further instruct that the amended sentencing range applicable is that which "had been in effect at the time the defendant was sentenced." *Id.* 1B1.10(b)(1). Only the listed amendments are substituted, leaving all other sentencing considerations "unaffected." *Id*. The court, therefore, determines a petitioner's eligibility not through a broad review of statutory changes but based on a cabined reading of the specifically listed amendments in relation to the facts of the case. *See United States v. DeLeon*, 643 F. App'x 385, 285 (5th Cir. 2016). As the first step of a "two-step inquiry," petitioner eligibility is the threshold issue, preceding consideration of the 18 U.S.C. § 3553(a) factors. *See Dillon,* 560 U.S. at 826.

The government does not believe Daggs to be eligible for a § 3582(c)(2) reduction. Due to the mandatory minimum sentence of life imprisonment, the government contends that Amendment 782 would have no effect on Daggs's sentence. *See* Rec. Doc. 483 at 6–7. Daggs, on the other hand, argues that "the logic" of the Guidelines lends support to a reduction in his "rather unique

4

situation." Rec. Doc. 487 at 2–3. Specifically, Daggs analogizes his amended sentence with guidance on subsequent sentence reduction for defendants who supply substantial assistance.

The Guidelines address the scenario of a defendant who has provided substantial assistance to the government but whose petition for reduction runs up against a statutory minimum. When confronted with such a petitioner, the court shall determine the appropriate amended sentencing range without consideration of the mandatory minimum sentence. *See* U.S.S.G. § 1B1.10(c). As the commentary to the Guidelines note, the § 3582(c)(2) reduction can occur after the government's motion for a downward departure at the time of sentencing or even through the government's Federal Rules of Criminal Procedure 35(b) motion for sentence reduction subsequent to judgment. *See id.* § 1B1.10(c), commentary (Application of Subsection (b)(2)). The U.S.S.G. amendment that added the application note explained the heightened concern over such petitioners:

> The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum.

U.S.S.G. Supplement to Appendix C, Am. 759 (Nov. 1, 2021) (Reason for Amendment).

The government has brought no such substantial-assistance motion in Daggs's case. Daggs was sentenced following a jury trial in which he was found guilty on all counts. *See* Rec. Doc. 305. His judgment was amended through a discretionary grant of the Court, not because of newly established substantial assistance. *See* Rec. Doc. 472. Daggs contends that the "same logic" on petitioners who provide substantial assistance in the Guidelines also applies here, namely, that a mandatory minimum sentence can be amended after judgment and not bar a further § 3582(c)(2) reduction. *See* Rec. Doc. 487 at 3. However, the stated reasons for the Guidelines provision

5

distance any supposed analogy between the petitioner envisioned and the petitioner in this case. Simply, "defendants who provide substantial assistance are differently situated than other defendants." U.S.S.G. Supplement to Appendix C, Am. 759 (Nov. 1, 2021) (Reason for Amendment). The Court cannot extend such special considerations to someone like Daggs, who has not provided substantial assistance to the government.

Daggs, however, more generally argues that he is eligible for a sentence reduction because he is currently serving a Guidelines sentence. Specifically, Daggs contends that his original sentence was pursuant to U.S.S.G. § 5G1.1(b); whereas his amended sentence falls under U.S.S.G. § 2D1.1(c)(3) (2010). *See* Rec. Doc. 477 at 4. The government counters that "the question is not what would occur if Daggs were sentenced today; rather, it is whether Daggs's guideline range would be lower had Amendment 782 been in effect at the time he was sentenced in 2010 with all other guideline application decisions unaffected." Rec. Doc. 483 at 7.

Both Daggs and the government have support for their positions from the statutory text and the Guidelines. The Guidelines uses the present progressive tense when describing an eligible petitioner, particularly, one who "*is serving* a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment." U.S.S.G. 1B1.10(a)(1) (emphasis added). As such, the relevant inquiry appears to be the sentence in its current state. On the other hand, the Guidelines also refer back to the time of sentencing more generally: "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions *that were applied when the defendant was sentenced* and shall leave all other guideline application decisions unaffected." U.S.S.G. 1B1.10(b)(1) (emphasis added). The government understands the sentencing reference to be Daggs's "original sentencing," which would still be subject to a mandatory minimum for §

6

3582(c)(2) considerations. Rec. Doc. 483 at 6 ("Amendment 782 neither altered § 5G1.1(b) nor the version of § 841(b)(1)(A) that applied at the time of Daggs's sentencing. As a result, § 5G1.1(b)'s application of § 841(b)(1)(A)'s mandatory life term at Daggs's original sentencing is a guideline application decision that is left unaffected in this § 3582(c)(2) proceeding."). To support its reference to the original sentencing, the government cites Fifth Circuit precedent for an amended judgment's limited procedural effects. *See id.* (citing, most relevantly, *United States v. Jones*, 796 F.3d 483 (5th Cir. 2015)).

In *Jones*, the appellate court considered whether a defendant who had a sentence reduced pursuant to 18 U.S.C. § 3582(c)(2) thereby received a new judgment, thus lifting the requirements associated with "second or successive" habeas applications. *Jones*, 796 F.3d at 484. In concluding that the original judgment—and "second or successive" habeas application requirements— remained, the Fifth Circuit described the sentence modification as "a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 486 (quoting *Dillon*, 560 U.S. at 826). The district court, thus, confines its analysis and "leaves undisturbed the findings and calculations that formed the recommended sentencing range, changing only the revised Guideline." *Id*.

Although not a new judgment, an amended judgment pursuant to 18 U.S.C. § 3582 does impact other proceedings, including subsequent motions for sentence reduction. In *United States v. Banks*, the Fifth Circuit held that the resentencing grounds—and not the grounds at original sentencing—were the point of reference for subsequent motions for sentence reduction. *United States v. Banks*, 770 F.3d 346 (5th Cir. 2014). Therein, the defendant was originally sentenced based on the drug quantity table in U.S.S.G. § 2D1.1. *Id.* at 347. He also qualified as § 4B1.1 career offender, but because the § 2D1.1 base level was higher, it was applied. *Id*. After the

7

applicable Guidelines were amended, the defendant moved for and received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *Id.* at 347–48. However, because the § 4B1.1 base level was now higher, it was applied for the amended sentence. *Id*. After the imposition of the amended sentence, the government requested a further reduction for the defendant's substantial assistance, which the court ordered, lowering the sentence below the § 4B1.1 range. *Id.* at 348. Subsequently, the defendant again moved for a sentence reduction due to a Guidelines amendment, leaving the Fifth Circuit to consider whether to use as resentencing grounds either the drug quantities range from the original sentence or the career offender range from the amended sentence. *Id*. The appellate court clarified the issue: "We hold that under section 3582, a defendant's sentence is 'based on' the guidelines range for the sentence he is currently serving, not the guidelines range used in his original sentencing." *Id*.

As to Counts 4 and 6, the application of *Banks* is apparent. Although Daggs was originally sentenced to a statutory minimum pursuant to U.S.S.G. § 5G1.1(b), his amended sentence was pursuant to U.S.S.G. § 2D1.1(c)(3) (2010). Our order and reasons for the amended sentence make clear that the basis for the sentence was the Guidelines. *See* Rec. Doc. 468 at 19–20. As Amendment 782 has retroactively reduced the base offense level related to Counts 4 and 6, Daggs would be eligible for a sentence reduction—the first and threshold step of the "two-step inquiry" for § 3582(c)(2). *See Dillon*, 560 U.S. at 826.

Count 1, however, remains. Although no longer a mandatory minimum life sentence, Daggs's violation of 21 U.S.C. § 841(a)(1) still carries a sentencing range of ten years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). As to Count 1, our order and reasons referenced this statutory range, noting that the applicable sentencing guidelines for the other counts "were well above the ten years imprisonment" that provided Count 1's sentencing floor. Rec. Doc. 468 at 19.

Our amended judgment, however, did not sentence Daggs to the statutory floor for Count 1, nor did it precisely correspond with the sentence for Counts 4 and 6. Rather, we sentenced Daggs to 190 months for the violation, factored from the statutory range. Rec. Doc. 472. Specifically, the Count 1 sentence conforms with U.S.S.G. § 5G1.1(c), providing that "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence (1) is not greater than the statutorily authorized maximum sentence, and (2) is not less than any statutorily required minimum sentence." Thus, as to Count 1, the sentence is based on § 5G1.1, which has not been retroactively amended for purposes of § 3582(c)(2) reductions. The policy statements of the Guidelines, therefore, apply: "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. 1B1.10(b)(1). As the amended sentence of 190 months is unaffected, it remains in effect, and Daggs's motion for reduction of sentence must be denied.

    New Orleans, Louisiana, this 7th day of January 2026

                                                  SENIOR UNITED STATES DISTRICT JUDGE